PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York  10036
(212) 969-3803

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and
TRAINING PROGRAM FUND,

                      Plaintiffs,

- against -

PRIME ENVIRONMENTAL SERVICES, INC.,

                      Defendant.

-------------------------------------------------------------------X

08 Civ. 3448 (WHP)

**COMPLAINT**

Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the Funds for injunctive and other equitable relief and for breach of contract.  This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendant violated its collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act and ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:

(a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

(b) Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c) 28 U.S.C. § 1331 (federal question);

(d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

(e) principals of pendent jurisdiction.

3. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)), and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

PARTIES

4. Plaintiffs Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Mason Tenders District Council of Greater New York (the "Union"). The Mason Tenders District Council Welfare Fund, as the authorized agent, also collects and remits the required contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNY-LECET"), the New York State Health and Safety Trust Fund ("NYSHST") and the Industry Advancement Fund ("IAF"), and the dues checkoffs and Political Action Committee ("PAC") contributions due to the Union. The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

5. The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

2

6. At all times material hereto, defendant Prime Environmental Services, Inc. ("Prime") has been a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Defendant Prime executed certain collective bargaining agreements with the Union (the "Agreements"), with respect to which plaintiffs Funds are third-party beneficiaries, and thereby agreed to comply with and to be bound by all of the provisions of the Agreements.

THE AGREEMENTS AND TRUSTS

8. Pursuant to the terms of the Agreements and the Trusts, defendant Prime is required, *inter alia*, to:

- (a) pay monetary contributions (the "fringe benefit contributions") to the Funds and to the authorized agent of the NYS-LECET, GNY-LECET, NYSHST and IAF, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

- (b) submit contribution reports to the Funds;

- (c) in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

- (d) deduct and remit dues checkoffs and PAC contributions (at the rates per hour specified by the Union), from the wages paid to employees who authorize said deductions in writing, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

- (e) permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all of defendant's books and records, including, without limitation, all payroll sheets, computer payroll printouts, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B or NYS 45 (NY), and WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the Union, evidence of unemployment

        insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendant;

(f)      pay the costs of the audits if defendant is substantially delinquent in the payment of fringe benefit contributions to the Funds. "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit; and

(g)     in the event the Funds bring an action to recover the costs of the audits, defendant is obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action.

<u>REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS</u>

9.     Pursuant to the terms of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Agreements.

10.    Failure to make such payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

11.    The Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>
(CLAIM FOR FRINGE
BENEFIT CONTRIBUTIONS)

12.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. As a result of work performed pursuant to the Agreements by individual employees of the defendant, fringe benefit contributions in the amount of $159,573.00, as determined by an audit of defendant's books and records covering the period April 25, 2005 through October 31, 2006, became due and owing from defendant Prime.

14. Additionally, as a result of work performed pursuant to the Agreements by individual employees of the defendant, fringe benefit contributions in the amount of at least $26,347.10, as estimated from shop steward reports for work performed during the period April 1, 2007 through February 29, 2008, became due and owing from defendant Prime.

15. Part of the aforesaid fringe benefit contributions contractually due has been paid by defendant, although all fringe benefit contributions have been demanded, and a balance of no less than $131,475.77 remains due and owing.

16. Defendant's failure to make payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

17. Accordingly, pursuant to the Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132), defendant Prime is liable to plaintiffs Funds for: (a) the balance of fringe benefit contributions in the amount of $131,475.77, plus such additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period November 1, 2006 to the date of judgment; and (b) the interest and liquidated damages on the unpaid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

AS AND FOR A SECOND CLAIM FOR RELIEF
(CLAIM FOR DUES CHECKOFFS
AND PAC CONTRIBUTIONS)

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19. As result of work performed pursuant to the Agreements by individual employees of defendant who authorized said deductions in writing, defendant deducted dues checkoffs and PAC contributions in the amount of $24,843.40, as determined by the audit of defendant's books and records covering the period April 25, 2005 through October 31, 2006.

20. Additionally, as a result of work performed pursuant to the Agreements, defendant deducted dues checkoffs and PAC contributions in the amount of at least $4,267.90, as

estimated from shop steward reports for work performed during the period April 1, 2007 through February 29, 2008.

21. Part of the aforesaid dues checkoffs and PAC contributions contractually due has been remitted by defendant, although all dues checkoffs and PAC contributions have been demanded, and a balance of no less than $26,439.70 remains due and owing.

22. Defendant's failure to remit all such deductions constitutes a violation of the Agreements.

23. Accordingly, pursuant to the Agreements and section 301 of the Taft-Hartley Act (29 U.S.C. § 185), defendant Prime is liable for: (a) the balance of dues checkoffs and PAC contributions in the amount of $26,439.70, plus such additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period November 1, 2006 to the date of judgment; and (b) interest on the unremitted dues checkoffs and PAC contributions.

AS AND FOR A THIRD CLAIM FOR RELIEF
(DEMAND FOR AN ORDER DIRECTING
DEFENDANT TO PRODUCE ALL OF ITS
BOOKS AND RECORDS FOR AN AUDIT)

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. Pursuant to the terms of the Agreements, as set forth in paragraph 8(e) above, defendant is required to permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all of defendant's books and records.

26. As a result of defendant's aforesaid failure to make payment and its failure to produce its books and records for the period November 1, 2006 to date, despite due demand therefor, the Funds have reason to believe that additional fringe benefit contributions, dues checkoffs and PAC contributions are due and owing.

27. Accordingly, pursuant to the Agreements and the Trusts, the Funds demand an order directing defendant Prime to permit and cooperate in the conduct of an audit and to produce all of its books and records for the period November 1, 2006 to the date of judgment.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(CLAIM FOR COSTS OF THE AUDITS)

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29. The audit of defendant's books and records covering the period April 25, 2005 through October 31, 2006 revealed that defendant is substantially delinquent, as defined in the Agreements, in the payment of fringe benefit contributions to the Funds for said period.

30. By virtue of defendant's substantial delinquency, there became due and owing from defendant the amount of $7,599.75 for the costs of the aforesaid audit.

31. No part of the costs of the aforesaid audit contractually due has been paid by defendant, although all audit costs have been demanded.

32. Defendant's failure to pay the costs of the aforesaid audit constitutes a violation of the Agreements and the Trusts.

33. Accordingly, pursuant to the Agreements and the Trusts, defendant Prime is liable for the costs of the aforesaid audit in the amount of $7,599.75, plus the costs of any audit of defendant's books and records for the period November 1, 2006 to the date of judgment if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
(CLAIM FOR INJUNCTIVE RELIEF)

34. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35. As set forth above, defendant has breached, and is currently in breach of its obligations under the Agreements and the Trusts, and has violated section 301 of the Taft-Hartley Act (29 U.S.C. § 185) and section 515 of ERISA (29 U.S.C. § 1145).

36. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned contractual and statutory provisions.

37. Plaintiffs will suffer immediate and irreparable injury unless defendant Prime, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to

timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits and produce all books and records for such audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendant remains obligated to do so pursuant to the Agreements, the Trusts and ERISA.

38. Plaintiffs have no adequate remedy at law to insure that defendant will adhere to its continuing obligations under the Agreements, the Trusts and ERISA.

39. Accordingly, plaintiffs request that this Court issue an injunction preliminarily and permanently enjoining defendant Prime, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits and produce all books and records for such audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendant remains obligated to do so pursuant to the Agreements, the Trusts and ERISA.

WHEREFORE, plaintiffs demand judgment against defendant Prime:

(a) for payment of all past due fringe benefit contributions in the amount of $131,475.77, plus all additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period November 1, 2006 to the date of judgment, and which become due during the pendency of this action;

(b) for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(c) for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(d) for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

(e) for remittance of all dues checkoffs and PAC contributions in the amount of $26,439.70, plus all additional dues checkoffs and PAC contributions

found due and owing pursuant to an audit of defendant's books and records for the period November 1, 2006 to the date of judgment, and which become due during the pendency of this action, with interest;

     (f)     for an Order directing defendant to permit and cooperate in the conduct of an audit and produce all of its books and records for the period November 1, 2006 to the date of judgment;

     (g)     for payment of the costs of the audit of defendant's books and records covering the period April 25, 2005 through October 31, 2006, plus the costs of any audit of defendant's books and records for the period November 1, 2006 to the date of judgment if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreements and the Trusts;

     (h)     for an Order preliminarily and permanently enjoining defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits and produce all books and records for such audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendant remains obligated to do so in accordance with ERISA, the Agreements and the Trusts; and

     (i)     for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 8, 2008

                            PROSKAUER ROSE LLP
                            Attorneys for Plaintiffs

                            By: /s/ Sally L. Schneider
                                Sally L. Schneider
                            1585 Broadway
                            New York, New York 10036
                            (212) 969-3803

                            sschneider@proskauer.com